UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNRISE FOODS INTERNATIONAL INC., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>SONNY PERDUE, Secretary of the U.S. Department of Agriculture; et al.,<br><br>Defendants. | No. 2:18-cv-00688-JAM-EFB<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on a Motion for Temporary Restraining Order ("TRO") filed by Sunrise Foods International Inc. ("Plaintiff" or "Sunrise"). TRO, ECF No. 8. Defendants (collectively, the "Government") oppose the motion. Opp'n, ECF No. 13. Sunrise has replied to the Government's opposition. Reply, ECF No. 22.

**I. BACKGROUND**

Sunrise is a wholesaler of agricultural food commodities. Mot. at 8. On February 26, 2018, Sunrise's corn shipment arrived into the Port of San Francisco. Id. at 10. The corn was grown in Russia, Moldova and Kazakhstan, and then processed in Turkey.

1

Id. at 8–10. Sunrise maintains that the corn was sufficiently processed to qualify as cracked corn, such that import regulation consisted solely of inspection and release without country of origin prohibitions. Id. at 5–10.

Sunrise's shipment was cleared for entry at the Port of San Francisco on March 7, 2018. Id. at 10. Five days later, while en route to the Port of Stockton, the Government put Sunrise's shipment on hold and then rejected it. Id. The March 12, 2018 Emergency Action Notifications ("EANs") require the shipment to be re-exported or destroyed because "[t]he commodity does not meet the requirements for cracked corn" and originated in Russia, a prohibited country of origin under 7 CFR 319.24 and 7 CFR 319.41. Mot., Ex. J., ECF No. 11-10.

Sunrise attempted to appeal the decision. Mot. at 10. On March 19, 2018, the Government informed Sunrise that its rejection of the shipment was final. Id. at 12. Ten days later, Sunrise filed its Complaint. See Compl., ECF No. 1. Ten days after filing its Complaint and twenty days after the final decision, Sunrise filed a Motion for a TRO. See Mot.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 65 provides authority to issue either preliminary injunctions or temporary restraining orders. Plaintiffs seeking these forms of injunctive relief must demonstrate (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public

interest. Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7 (2008)).

Temporary restraining orders are emergency measures, intended to preserve the status quo pending a fuller hearing on the injunctive relief requested, and the irreparable harm must therefore be clearly immediate. Fed. R. Civ. Proc. 65(b)(1). This district's local rules further specify that the Court will consider "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." E.D. Cal. L.R. 231(b).

**B. Analysis**

Sunrise believes that the options presented by the Government—destroy the shipment or re-export the shipment—are "impractical" and "not viable" because the company would incur monetary losses. Mot. at 12. Sunrise further argues that its business relationships will suffer irreparable harm if the corn is not delivered. Id. at 12-13. The Court finds that the harm described by Plaintiff does not meet the TRO standard, i.e., the alleged harm is not immediate.

Sunrise has failed to demonstrate that a sufficient urgency exists to justify the imposition of a TRO. Sunrise was able to sustain approximately $11,500 in daily losses for nearly a month prior to seeking a TRO. Sunrise's motion does not plead sufficient facts that demonstrate that its alleged harm became imminent as of April 8, 2018.

From the parties' briefing, it is also clear to the Court

that there are numerous factual and legal disputes. It would be inappropriate to grant the ultimate relief sought at the earliest stage in the proceeding, prior to a more deliberative investigation of the claims' merits. See Senate of State of Cal. v. Mosbacher, 968 F.2d 974, 978 (9th Cir. 1992) (finding that it is inappropriate to grant preliminary relief that results in the non-moving party essentially losing the whole case).

**III. ORDER**

After careful consideration of all papers filed by both parties, the Court DENIES Plaintiff's Ex Parte Motion for a Temporary Restraining Order.

If Sunrise desires to file a motion for a preliminary injunction, said motion should be filed by April 27, 2018. The Government's opposition shall be filed by May 4, 2018. Sunrise's reply shall be due by May 11, 2018. The hearing on this motion for preliminary injunction shall be set for May 22, 2018 at 1:30 p.m. in this court, however, the Court reserves the right to decide this motion on the papers. Finally, given the Court's denial of the motion for a TRO, Sunrise's request for expedited discovery is also denied, without prejudice. If Sunrise decides to file a motion for preliminary injunction any renewed motion for expedited discovery should be filed with Magistrate Judge Brennan.

IT IS SO ORDERED.

Dated: April 20, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE